Joseph J. Siprut (*Pro hac vice* application to be filed)
*jsiprut@siprut.com*
Ismael T. Salam (*Pro hac vice* application to be filed)
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000; Fax: 312.241.1260

Robert Ahdoot, SBN 172098
*rahdoot@ahdootwolfson.com*
Tina Wolfson, SNB 174806
*twolfson@ahdootwolfson.com*
Brad King, SBN 274399
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111; Fax: 310.474.8585

Attorneys for Plaintiff,
JOHN PANDOL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PANDOL, individually and on behalf of all others similarly situated, Plaintiff, v. GO DADDY OPERATING COMPANY, LLC, a Delaware Corporation, Defendant. | Case No. 2:15-cv-7794 **CLASS ACTION COMPLAINT** JURY TRIAL DEMANDED Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* |

Plaintiff John Pandol ("Plaintiff") brings this Class Action Complaint against Defendant Go Daddy Operating Company, LLC ("Go Daddy"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Defendant Go Daddy is the world largest Internet domain registrar and web hosting company. In effort to market is products and services, Go Daddy made (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Go Daddy to make calls or leave voicemail messages to their wireless telephones.

3. By making such unauthorized calls or leaving such voicemail messages, Go Daddy caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Go Daddy to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

6. This Court has personal jurisdiction over Go Daddy, pursuant to the California Long-Arm Statute, Code Civ. Proc., § 410.10, which authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. By making its services and products available to customers through its website, Go Daddy has marketed, promoted, distributed, and sold its services and products in California. Go Daddy intentionally placed its services and products in the stream of commerce through its website with the expectation that they will be purchased by consumers in California. Go Daddy has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1), because substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### III. PARTIES

8. Plaintiff John Pandol is an individual domiciled in Bakersfield, California.

9. Defendant Go Daddy is a publicly traded company, incorporated in Wilmington, Delaware, and acts and operates as the world largest Internet domain registrar and web host with its principal place of business at 14455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260. Go Daddy maintains a registered agent at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona 85260.

### IV. FACTUAL BACKGROUND

10. Companies have employed advance technologies that make it easier to call wireless telephones. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[1]

11. At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 3984.

12. On or about September 3, 2013 Plaintiff received a call to his wireless telephone. Plaintiff's caller identification system listed the calling number as 1-480-505-8859.

13. Upon answering the calls or listening to the voicemail messages, a prerecorded, automated message informed Plaintiff that the caller was "Go Daddy".

14. Since Plaintiff received this first call on or about September 3, 2013, Plaintiff received, and continues to receive, calls from Go Daddy approximately every five or six months. Plaintiff estimates that he has received six calls from Go Daddy. The caller left a voicemail message each time Plaintiff did not answer a call.

15. Specifically, Plaintiff received calls from Defendant on or about January 22, 2015, and again on or about May 23, 2015.

---

[1] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, The Telephone Consumer Protection Act Of 1991: Adapting Consumer Protection To Changing Technology 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id*. at 2.

16. Both Go Daddy's calls and voicemail messages contained similar automated voice recorded message regarding a review of an account that supposedly belongs to Plaintiff (the "Account") or upcoming renewals of the Account. The automated voice recorded message further asked Plaintiff to call Go Daddy back.

17. When Plaintiff called Go Daddy back after receiving the first call, on September 3, 2013, Plaintiff spoke to a live person.

18. Plaintiff informed Go Daddy's representative(s) that he does not have, and never had, any account or prior relationship with Go Daddy. Plaintiff also asked Go Daddy's representatives to stop making calls to his wireless phone.

19. Nevertheless, Go Daddy continued to make (or directed to be made on its behalf) calls to Plaintiff's wireless telephone.

20. Again, Plaintiff called Go Daddy several times in order to remove his number from the call list.

21. Go Daddy's representative(s) told Plaintiff that the physical address attached to the Account did not match the address he provided for account verification. Plaintiff also attempted to verify the Account by all of his previously used email addresses, but none of those were associated with the Account. Further, Plaintiff never had an account with Defendant, and so couldn't provide his payment information in order to verify the Account.

22. Plaintiff then asked Go Daddy's representative(s) to close the Account opened under his name.

23. In order to close the Account, Go Daddy's representative(s) requested Plaintiff to provide the above information to verify the Account. Plaintiff, however, never opened the Account in the first place, and therefore could not provide the requested verifying information.

24. Although Plaintiff told Go Daddy's representative(s) about his concerns regarding potential identity theft and liabilities involved in the event someone had registered an Internet domain under his name, Go Daddy's representative(s) repeatedly refused to close the Account or delete Plaintiff's mobile phone number from the Account.

25. On information and belief, Go Daddy made (or directed to be made on its behalf), and continues to make (or direct to be made on its behalf), calls to Plaintiff's and the Class members' wireless phones without prior express written consent for purportedly review of their accounts and upcoming renewals.

26. Go Daddy made (or directed to be made on its behalf) the same or substantially the same calls en masse to a list of thousands of wireless telephone numbers.

27. On information and belief, Go Daddy made (or directed to be made on its behalf) these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

28. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Go Daddy to call their wireless phones.

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of all others who are similarly situated. Pursuant to rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a class initially defined as follows:

> All individuals in the United States who were called by or on behalf of Defendant Go Daddy Operating Company, LLC using an automatic telephone dialing service or by an artificial or prerecorded voice,

without prior express consent of the called party for the purpose of reviewing customer accounts and upcoming renewals ("Class").

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31. **Numerosity – Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Go Daddy's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Go Daddy's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

32. **Commonality – Fed. R. Civ. P. 23(a)(2) and 23(b)(3).** There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

 a. Whether Go Daddy's conduct constitutes a violation of the TCPA;
 b. Whether the equipment Go Daddy (or someone on Go Daddy's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;
 c. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

d. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Go Daddy's conduct; and

e. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

33. **Typicality – Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

34. **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class members.

35. **Superiority – Fed. R. Civ. P. 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Go Daddy, so it would be impracticable for Class members to individually seek redress for Go Daddy's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

36. **Injunctive and Declaratory Relief – Fed. R. Civ. P. 23(b)(2).** Go Daddy has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

## VI. CLAIM ALLEGED

**Violation of Telephone Consumer Protection Act – 47 U.S.C. § 227, *et seq.***

**(On behalf of the Class)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Go Daddy and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members en masse without their prior express consent.

39. Go Daddy made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

40. Go Daddy utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

41. Go Daddy made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

42. By making the calls to Plaintiff and the Class, Go Daddy has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Go Daddy's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

43. Should the Court determine that Go Daddy's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

44. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

45. WHEREFORE, Plaintiff John Pandol, individually and on behalf of the Class, requests that the Court enter an Order as follows:

    A. Certifying the Class as defined above, appointing Plaintiff John Pandol as the representative of the Class, and appointing his counsel as Class Counsel;

    B. Awarding of actual or statutory damages;

    C. Requiring Go Daddy to cease all wireless phone call activities initiated without prior express consent, and otherwise protecting the interests of the Class;

    D. Awarding of reasonable attorneys' fees and costs; and

    E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: October 5, 2015              Respectfully submitted,

/s/ *T. Wolfson*
Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Bradley King, SBN 274399

*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111
Fax: 310.474.8585

Joseph J. Siprut*
*jsiprut@siprut.com*
Ismael T. Salam*
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

**Pro hac vice* application pending*

***Counsel for Plaintiff John Pandol
and the Proposed Putative Class***